IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USAA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3401 |
| | § | |
| NATALIE ANDERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

When John William Anderson, III died, he was survived by his wife, Natalie Anderson, and four children by a previous marriage.[1] The wife and children disputed the proceeds of the decedent's two life insurance policies, the first for $1 million and the second for $500,000. In this interpleader action, the parties have agreed that one half of the death benefits of the first policy should be distributed to the four minor children of the first marriage, through their guardian. The parties agreed that the court should keep in the registry one half of the premium payments for that first policy, in the relatively small amount of $2,632.75, and the death benefits from the first policy, in the amount of $505,119.45, to be resolved in this interpleader action. (Docket Entry No. 47 ¶ 2). Natalie Anderson moved for summary judgment, which the court denied without prejudice. (Docket Entry No. 33). Although the parties agreed to file cross motions after some discovery, the only motion pending is Anderson's renewed motion for summary judgment to recover these amounts. (Docket Entry No. 47).

---

[1] The case background is set out in greater detail in the court's previous memorandum. (Docket Entry No. 33).

The Andersons married and lived in a community property state. Anderson purchased the first policy with Natalie's knowledge and with their community property. He purchased the second policy without Natalie's knowledge, also during their marriage, again using their community property. When Anderson died, the marriage was apparently failing, and Natalie was about to leave their marital home. Before that occurred, however, Anderson died. This insurance dispute and interpleader action followed.

The facts are undisputed, and the parties have agreed on how to divide part of this insurance pie. In August 2015, Anderson bought the first life insurance policy. Almost two years later, he married Natalie. Although the policy was purchased before the marriage, the premium payments were made from a joint marital checking account from July 2017 to February 2021, when Anderson died. Anderson purchased the second policy during the marriage, again using community property funds, but naming his four children from his earlier marriage as the beneficiaries. Anderson did not tell Natalie about the policy purchase or the beneficiary designations.

Natalie Anderson claims one half of the premiums paid during the marriage on the first policy and one half of the $500,000 benefits on the second policy. The children dispute these claims. The parties agreed to resolve the issue by cross motions for summary judgment; however, the children failed to respond to Natalie's motion and failed to file their own cross motion.

In its previous opinion, the court wrote that Texas law "firmly establish[es]" Natalie Anderson's right to reimbursement of half the premiums paid to maintain the first policy during her marriage to Anderson. (Docket Entry No. 33 at 7). But the court stated that Natalie Anderson must first seek reimbursement of those funds from the decedent's estate. (*Id.* at 8). Natalie Anderson's motion states that she seeks judgment for this reimbursement "in the event there are insufficient assets in the decedent's estate." (Docket Entry No. 47 ¶ 11). Natalie Anderson has

not yet submitted documentation establishing that she has sought these assets from the estate, or that the estate contained insufficient assets to pay Natalie half the premium payments made for the first policy during the period John Anderson and Natalie Anderson were married.

The court turns to the second policy. The factual basis for Natalie Anderson's claim is that John Anderson paid the premiums of the second policy from community property funds, which, according to Natalie, trumps the fact that John named his four children from a prior marriage as the beneficiaries. Natalie also disputes that her impending separation and planned divorce record from Anderson weakens, much less undermines, her claim to one half of the benefits from the second policy. She relies on Texas law defining community property. TEX. FAM. CODE § 3.02. Under Texas law, life insurance is community property if it was issued during marriage. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001). Natalie Anderson overcomes John Anderson's failure to list her as a beneficiary on the policy he purchased during their marriage by characterizing it as a constructive fraud on the community estate. She cites *Barnett* and *Smith v. Buss*, 144 S.W.2d 529 (Tex. 1940), to support her argument that one half of the proceeds from the policy purchased with community property funds during the marriage is hers if the insured dies during the marriage. The children have presented no basis to find that their status as designated beneficiaries for the policy proceeds overcomes her community property right to half of those proceeds.

Anderson's motion for summary judgment with respect to the second policy is granted. The motion is provisionally granted with respect to the premium reimbursements of the first policy. By February 13, 2023, Anderson must submit documents showing that she sought but could not obtain those premium reimbursements from the estate.

No later than February 20, 2023, Anderson must file a proposed final judgment.

SIGNED on January 30, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge